

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 MAY -5 AM 11: 17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DUFERCO STEEL, INC., DUFERCO S.A., and ACE EUROPEAN GROUP LTD. AS SUBROGATED UNDERWRITERS OF DUFERCO STEEL, INC. AND DUFERCO S.A. | * * * * * * | CIVIL ACTION **10 - 1349** NO. SECTION "**SECT. L MAG. 5**" |
| *Plaintiffs* | * * | MAG. (   ) |
| versus | * * | |
| M/V ROJAREK NAREE, her engines, boilers, etc. *in rem*, and PRECIOUS JASMINE, LTD., and PRECIOUS SHIPPING PUBLIC CO., LTD., *in personam* | * * * * * * | |
| *Defendants* | * * | |

\*    \*    \*    \*    \*    \*    \*    \*

## VERIFIED COMPLAINT

**TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

Plaintiffs Duferco Steel, Inc., Duferco S.A. and Ace European Group Ltd., (collectively hereinafter referred to as "Plaintiffs"), complaining of the above Defendants with a full reservation of their rights to proceed in the civil action currently pending in the United States District Court for the District of South Carolina in Admiralty, alleges upon information and belief as follows:

Fee $350.
✓ Process
x Dktd
CtRmDep
Doc. No.

1.

This is a cause of action for maritime attachment and garnishment of property of the Defendants pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Plaintiffs invokes the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C.A. §1333.

3.

This case is governed by the General Maritime Law of the United States, and laws supplemental thereto and amendatory thereof.

4.

At all material times, plaintiff Duferco Steel, Inc. was and now is a foreign corporation duly organized, created and existing pursuant to the laws of the United States with its principal place of business located in New Jersey and the owner of the Cargo described below.

5.

At all material times, plaintiff Duferco S.A. was and now is a corporation or other legal entity duly organized, created and existing pursuant to the laws of a foreign country with its principal place of business located in Switzerland and the owner of the Cargo described below.

6.

At all material times, plaintiff Ace European Group Ltd. as subrogated underwriters of Duferco Steel, Inc. and Duferco S.A. was and now is a foreign insurer duly organized, created and existing pursuant to the laws of a foreign country with its principal place of business located in London, England, and the cargo underwriter of Duferco Steel, Inc. and Duferco S.A.

7.

At all material times, defendant the M/V ROJAREK NAREE was and now is a general ship engaged in the common carriage of cargo by water for hire, and is now or will be during the pendency of process hereunder within this district and within the jurisdiction of this Honorable Court.

8.

At all material times, Precious Jasmine, Ltd. ("Precious Jasmine" ) and Precious Shipping Public Co., Ltd. ("Precious Shipping") was and now are corporations or other legal entities duly organized, created and existing pursuant to the laws of a foreign country with their principal places

-3-

of business located in Thailand, and were and now are the registered owners and/or owners *pro hac vice* of the M/V ROJAREK NAREE.

9.

At all material times, defendants Precious Jasmine and Precious Shipping were and now are also the registered owners and/or owners *pro hac vice* of the M/V MALLIKA NAREE, an ocean going cargo vessel.

10.

On or about the time period of August 6, 2007 through August 18, 2007, a cargo of 956 hot rolled steel coils (hereinafter the "Cargo") was delivered by Duferco Steel, Inc. and Duferco S.A. in the Port of Charleston, South Carolina to Precious Jasmine, Precious Shipping and the M/V MALLIKA NAREE for over ocean carriage by Defendants from the Port of Charleston to the Port of Aviles, Spain all in consideration of an agreed upon freight.

11.

Thereafter, the Cargo was loaded aboard the M/V MALLIKA NAREE in good order and condition, and having the Cargo aboard, the M/V MALLIKA NAREE sailed from the Port of Charleston and subsequently arrived in the Port of Aviles, Spain, where the Cargo was discharged in a damaged condition. Precious Jasmine, Precious Shipping and the M/V MALLIKA NAREE failed to deliver the Cargo in the Port of Aviles in the same good order and condition as previously loaded aboard the vessel in the Port of Charleston. To the contrary, the Cargo was delivered in the

-4-

Port of Aviles, Spain by Precious Jasmine, Precious Shipping and the M/V MALLIKA NAREE damaged all as a result of their negligence, carelessness, recklessness, willfulness, wantonness, and intentional conduct and breach of contract, or by other for whom they are responsible.

12.

As a result of the foregoing, the Cargo suffered damages in excess of US $500,000.

13.

Prior to the commencement of this action, Duferco Steel, Inc. and Duferco S.A. became the owner for value of the above described Cargo.

14.

As a result of the aforedescribed damage, Ace European Group Ltd., as Duferco Steel, Inc. and Duferco S.A.'s cargo underwriters, paid Duferco Steel, Inc. and Duferco S.A. for the damages sustained to the Cargo.

15.

This action is brought on Plaintiffs' behalf and on behalf of and for the interest of all parties who may be or may become interested in the cargo in question as their respective interest may ultimately appear.

16.

On August 14, 2008, Plaintiffs commenced a civil action in the United States District Court for the District of South Carolina entitled Duferco Participation Holding Ltd. and Ace European

Group Limited as subrogated underwriters of Duferco Participation Holding Ltd. vs. Precious

Jasmine, Ltd., Great Circle Shipping Agency, Ltd., Navision Shipping Company A/S, WSI of the

Southeast, LLC, Marine Barge Company, LLC, Precious Shipping Public Co., Ltd., *in personam*,

and M/V  MALLIKA NAREE, *in rem*, Civil action number 2:08-cv-2863, on the docket of the said

court, against Precious Jasmine and Precious Shipping to recover the aforedescribed damages.

17.

Despite amicable demand, Precious Jasmine and  Precious Shipping have failed to provide

Plaintiffs with security for their claims, which requires the filing of this lawsuit.

18.

Upon information and belief, Precious Jasmine and  Precious Shipping cannot be found

within this district but has or will have property within the district, including but not limited to port

disbursement advances and the M/V ROJAREK NAREE, which vessel is presently, or will be

shortly, within this district.

19.

Pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions, Plaintiffs are entitled to attach all of Precious Jasmine and  Precious Shipping's

property within this district, including the M/V ROJAREK NAREE and any monies, sums, freights

or other assets belonging or owing to Precious Jasmine and Precious Shipping in the hands of any

offices of local husbandry agents, to satisfy Plaintiffs' claims, as well as other costs taxable to

-6-

Precious Jasmine and Precious Shipping as a result of having to bring this action, including but not limited to pre-judgment interest, costs, expenses, and attorney's fees.

20.

Pursuant to local rules, Plaintiffs agree to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of seizing Precious Jasmine and Precious Shipping's property.

21.

All and singular the foregoing premises are true and correct and within the admiralty jurisdiction of this Honorable Court.

WHEREFORE, Duferco Steel, Inc., Duferco S.A. and Ace European Group Ltd. pray that:

1.   This Verified Complaint be deemed good and sufficient;

2.   Process in due form of law according to the rules and practices of this Court may issue against Precious Jasmine, Ltd. and Precious Shipping Public Co., Ltd., ordering them to appear and answer all and singular the matters aforesaid;

3.   Because Precious Jasmine, Ltd. and Precious Shipping Public Co., Ltd., are foreign corporations which cannot be found within the district, not qualified to do business in the State of Louisiana, and have no agents for service of process, all of Precious Jasmine, Ltd. and Precious Shipping Public Co., Ltd.'s goods, chattels, funds, credits, money, and other assets or property found within the district, including M/V

-7-

ROJAREK NAREE, be attached to satisfy the sum of Plaintiffs Duferco Steel, Inc., Duferco S.A. and Ace European Group Ltd.'s claims, plus attorney's fees, costs, expenses, and pre-judgment interest, all pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

4.    This Court issue a writ of maritime attachment and garnishment of all property of Precious Jasmine, Ltd. and Precious Shipping Public Co., Ltd. in this district to the Master of the M/V ROJAREK NAREE and to local husbandry agents;

5.    This Court retain the attached property and/or the proceeds of sale as security pending litigation of Plaintiffs Duferco Steel, Inc., Duferco S.A. and Ace European Group Ltd.'s claims against Precious Jasmine, Ltd. and Precious Shipping Public Co., Ltd.;

6.    Any property attached in this proceeding be sold under the direction of this Court and the proceeds of the sale be brought into the registry of the Court;

7.    This Court retain jurisdiction over  Precious Jasmine, Ltd. and Precious Shipping Public Co., Ltd. to attach its property found within the district in order to enter a judgment in favor of Plaintiffs Duferco Steel, Inc., Duferco S.A. and Ace European Group Ltd. and against Precious Jasmine, Ltd. and Precious Shipping Public Co., Ltd. in the amount of their claim and any additional amounts owed, including but not

-8-

limited to attorney's fees, costs, expenses, and pre-judgment interest for Plaintiffs

Duferco Steel, Inc., Duferco S.A. and Ace European Group Ltd.'s damages; and

8.    This Court grant Plaintiffs Duferco Steel, Inc., Duferco S.A. and Ace European

Group Ltd. such other and further relief as may be just and proper.

                    Respectfully submitted,

                    MONTGOMERY, BARNETT, BROWN,
                    READ, HAMMOND & MINTZ, L.L.P.


                    PHILIP S. BROOKS, JR., (T.A. (#21501)
                    RONALD J. KITTO, (#28638)
                    3300 Energy Centre, 1100 Poydras Street
                    New Orleans, La. 70163-3200
                    Telephone:      (504) 585-3200
                    Facsimile:      (504) 585-7688
                    E-mail:         pbrooks@monbar.com
                                    rkitto@monbar.com

                    *Attorneys for Plaintiff's, Duferco Steel, Inc., Duferco S.A.,
                    and Ace European Group, Ltd.*

                              -9-

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

      BEFORE ME, the undersigned authority, personally came and appeared:

              PHILIP S. BROOKS, JR.

who deposed and said that he is an attorney in the firm of Montgomery, Barnett, Brown, Read,

Hammond & Mintz, L.L.P., attorneys for Plaintiffs herein; that he has read the foregoing Verified

Complaint and knows the contents thereof, and that the same are true to the best of his knowledge

and belief; that the sources of his knowledge and the grounds for his belief are various documents

and information furnished to him by Plaintiffs; that the reason this verification is made by deponent

and not by Plaintiffs is that Plaintiffs are corporate entities with no officers which are now within

this district.

_____
Philip S. Brooks, Jr.

Sworn to and subscribed before me,
this 5 day of May, 2010.

_____
NOTARY PUBLIC

RONALD J. RITTO
NOTARY PUBLIC
Bar # 28638
Parish of Orleans, State of Louisiana
My Commission is issued for Life